UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| ROYCE DEWAYNE TOLBERT, SR., ) | |
| ) | CASE NO. 10-30644-DHW |
| ) | |
| Debtor. ) | |

**OBJECTION TO DEBTOR'S PLAN OF REORGANIZATION**
[Internal Revenue Service]

Comes now the United States of America, by and through Leura G. Canary, United States Attorney for the Middle District of Alabama, on behalf of the United States Department of the Treasury, Internal Revenue Service (Service) to Object to Confirmation of the Debtor's Plan of Reorganization, and as grounds therefore states as follows:

1. On March 15, 2010, the Debtor filed for Chapter 13 relief and proposed a Zero% Plan which failed to provide for specified monthly payments to the Service on priority debts. The Plan is set for confirmation in Montgomery, AL on June 28, 2010. [Docs. #1, 2, 7, 19].

2. On June 17, 2010, the Service timely filed a Proof of Claim, for a total amount of $93,154.30 of which $ 4,890.00 was classified as secured[1] as Notices of Federal Tax Liens were filed in the Office of the Judge of Probate of Butler County, Alabama; $61,001.15 was classified as priority; and $27,263.15 was classified as unsecured general. A portion of the unsecured general claim was estimated as records of the Service reflect that the Debtor had not filed Income Tax returns for tax year 2005. [Claim # 10-1].

---

[1]The value of the collateral supporting Lien was based upon information contained in the Debtor's Schedules and on the provisions of the Debtor's Plan. [Docs. # 1,2].

3. The Service objects to the Plan on the grounds that there are no provisions to pay the priority taxes.

4. The priority and secured claims of the United States must be paid in full in a Chapter 13 case unless it agrees to contrary treatment. 11 U.S.C. §§ 1322(a)(2); 1325(a)(1); <u>In re Morgan</u>, 182 F.3d 775, 777 (11th Cir. 1999); <u>In re Escobedo</u>, 28 F.3d 34, 35 (7th Cir. 1994); <u>Ekke v. United States</u>, 133 B.R. 450, 452-53 (S.D. Ill, 1991)(Revocation of confirmation affirmed as plan did not provide for full payment of priority claim); <u>In re Jackson</u>, 189 B.R. 206, 211 (Bankr. M.D. Ala, 1994). As the statute uses the word "agree", only an express agreement by the priority creditor allows a Court to confirm a plan with less than full payment. <u>In re Ferguson</u>, 26 B.R. 672, 673 (Bankr. S.D. Ohio, 1982). The Service does not agree to waive its priority in this proceeding.

WHEREFORE, the United States prays that this Court deny confirmation of the Debtor's Plan until the Debtor's plan is amended to provide for full payment of the priority claim of the Service.

Respectfully submitted this the 17th day of June, 2010.

                                         LEURA G. CANARY
                                         UNITED STATES ATTORNEY

| | |
|---|---|
| P.O. Box 197 | /s/ Patricia Allen Conover |
| Montgomery AL 36101-0197 | PATRICIA ALLEN CONOVER |
| Telephone: (334) 223-7280 | Assistant United States Attorney |
| Facsimile: (334) 223-7201 | ASB-2214-R64P |
| | Patricia.Conover@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of June, 2010, I served a copy of the foregoing document, Objection to Debtor's Plan of Reorganization, on all parties listed below by the methods stated:

Teresa Jacobs
U.S. Bankruptcy Administrator
One Church Street
Montgomery, AL 36104
[electronic service]

Curtis C. Reding
Chapter 13 Trustee
P. O. Box 173
Montgomery, AL 36101
[electronic service]

Richard D. Shinbaum
Attorney for the Debtor
Shinbaum, McLeod & Campbell
P.O. Box 201
Montgomery, AL 36101
[electronic filing]

Royce Dewayne Tolbert, Sr.
878 Farmstead Road
Greenville, AL 30637
[United States Postal Service]

    /s/ Patricia Allen Conover
PATRICIA ALLEN CONOVER
Assistant United States Attorney